**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Jaime MENDOZA–RODRIGUEZ,**
**Defendant—Appellant.**

United States of America,
Plaintiff—Appellee,

v.

Jaime Mendoza–Rodriguez,
Defendant—Appellant.

Nos. 07–30458, 07–30459.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 28, 2008.

Filed Sept. 16, 2008.

**494**

Kelly A. Zusman, Assistant U.S., Stephen Francis Peifer, Assistant U.S., Office of the U.S. Attorney, Portland, OR, for Plaintiff–Appellee.

Nancy Bergeson, Esquire, Federal Public Defender's Office, Portland, OR, for Defendant–Appellant.

Before: HAWKINS, McKEOWN, and BYBEE, Circuit Judges.

### MEMORANDUM *

Jaime Mendoza–Rodriguez appeals the denial of his motion to dismiss the indictment charging him with illegal reentry in violation of 8 U.S.C. § 1326. He collaterally attacks the 1996 deportation alleged in the indictment as resulting from a fundamentally unfair hearing. He argues that the district court erred in relying on a conviction that was not contained in the record before the immigration judge ("IJ") to conclude that he was not prejudiced.

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Since the parties agree that there were due process errors in the deportation proceeding, we address whether Mendoza–Rodriguez was prejudiced by these errors. *See United States v. Proa–Tovar,* 975 F.2d 592, 594–95 (9th Cir.1992) (holding that a due process error in a deportation proceeding must cause actual prejudice for the proceeding to be declared invalid).

The defendant bears the burden of establishing that a due process error in a deportation proceeding was prejudicial. *United States v. Ahumada–Aguilar,* 295 F.3d 943, 947 (9th Cir.2002). Mendoza–Rodriguez has failed to meet his burden of showing that it was plausible that the IJ would have exercised his discretion to grant him voluntary departure in the absence of any due process error. *See* 8 U.S.C. § 1229c(b)(1) (requiring that an alien have been physically present in the United States for at least one year, have had good moral character for the five years prior, not be deportable under 8 U.S.C. § 1227(a)(2)(A)(iii) or 8 U.S.C. § 1227(a)(4), and have the means and intent to leave the United States). Even if we ignore the 1994 controlled substance conviction, Mendoza–Rodriguez was not eligible for voluntary departure because he could not establish good moral character; indeed, the IJ knew that Mendoza–Rodriguez had been convicted on three separate drug charges in Utah and in the course of determining eligibility for voluntary departure should have discovered that Mendoza–Rodriguez was in custody for these charges for ten months prior to his deportation hearing.

Mendoza–Rodriguez also appeals his sentence, arguing that the district court erred in concluding that his criminal

history was not remote and in failing to consider or give adequate explanation of the factors in 18 U.S.C. § 3553(a). In light of Mendoza–Rodriguez's long history of drug-related convictions and immigration offenses, interrupted only by periods of incarceration, the district court's finding that Mendoza–Rodriguez's criminal history was not remote was not erroneous. We also conclude that Mendoza–Rodriguez's sentencing complied with *United States v. Carty*, 520 F.3d 984 (9th Cir.2008) (en banc).

**AFFIRMED.**